Filed 5/30/14  P. v. Maldonado CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. DARLENE MALDONADO, Defendant and Appellant. | B249366 (Los Angeles County Super. Ct. No. BA405095) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Affirmed.

Edward Mahler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for respondent.

## INTRODUCTION

The trial court found that defendant and appellant Darlene Maldonado violated her Proposition 36 drug treatment probation and sentenced her to two years in county jail. The trial court awarded defendant 144 days of actual custody credit and 144 days of conduct credit. On appeal, defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting this court to conduct an independent review of the record to determine if there are any arguable issues. On January 30, 2014, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments she wished this court to consider. Defendant did not file a responsive brief or letter. We affirm.

## PROCEDURAL BACKGROUND

On January 24, 2013, defendant pleaded no contest to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The trial court suspended imposition of sentence, and placed defendant on Proposition 36 probation for a period of 12 months, under various terms and conditions, including the condition that she obey all laws. On February 19, 2013, defendant was arrested and charged with petty theft with three prior theft-related offenses (Pen. Code, § 666) and attempted unlawful driving or taking of a vehicle (Pen. Code, § 664/Veh. Code, § 10851). The prosecution subsequently dismissed those charges and elected to proceed as to those offenses as violations of defendant's Proposition 36 probation. The trial court found that defendant violated her Proposition 36 probation and that the violation was not drug-related. The trial court sentenced defendant to two years in county jail and awarded her 144 days of actual custody credit and 144 days of conduct credit.

# FACTUAL BACKGROUND[1]

About 1:00 p.m. on February 19, 2013, Manuel Chicas parked his Ford Windstar van on Melrose Place. Chicas locked the van and left. When he returned to his van later that day, three of the van's five doors were open and there were three persons in his van. One of those persons, defendant, was trying to start the van. As Chicas approached the van, the two persons in the van other than defendant ran away. Chicas pulled defendant out of the driver's seat and she ran away. Defendant smelled of alcohol and appeared to be under the influence. Chicas called the police. When he spoke with the dispatcher, Chicas described the person who was trying to take his van as a man, American, and blond.

Later that day, Chicas determined that property he had in his van was missing. The missing property consisted of a beanie cap, camera, folder, book with "Ford" on it, and lock. Chicas testified that he had never previously seen defendant and had not given her permission to enter his van or to take any of his property. Chicas testified that his van had not been moved from where he parked it, and it had not sustained any damage.

About 3:30 p.m. on February 19, 2013, Los Angeles Police Officer Colin Langsdale went to the intersection of Melrose Avenue and Manhattan Place where he saw defendant. Defendant appeared to have had "something to drink." Pursuant to an investigation, Officer Langsdale eventually seized a bag defendant had with her. Inside the bag, Officer Langsdale found Chicas's property—his lock, camera, beanie cap, Ford Motor Manual, book, and paperwork. Defendant also had in her possession a key ring. Officer Langsdale was able to use one of the keys on the key ring to open Chicas's van. The key appeared to be a house key rather than a car key. Officer Lansdale testified that he had determined that "a lot of keys will open Ford cars."

---

**1** The factual background only concerns the conduct underlying defendant's Proposition 36 probation violation.

## DISCUSSION

We appointed counsel to represent defendant in this appeal. After examining the record, counsel filed an opening brief asking this court to review the record independently in accordance with *People v. Wende, supra,* 25 Cal.3d 436. On January 30, 2014, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments she wished this court to consider. Defendant did not submit a brief or letter. We have examined the entire record and are satisfied that defendant's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.


We concur:


KRIEGLER, J.


MINK, J.*

---

\*      Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.